HENSLEE v. STATE.

Opinion delivered December 19, 1910.

HOMICIDE—DRUNKENNESS AS DEFENSE.—The court instructed the jury in
a murder case that "mere drunkenness is no excuse or justification
for committing a crime; so, in this case if you believe from the evidence beyond a reasonable doubt that defendant voluntarily became
too drunk to know what he was about, and then, without provocation,
assaulted and killed the deceased at a time when the deceased was
making no attempt or demonstration as to kill the defendant, or to
do him some great bodily harm, then and in that event he would not
be guilty of murder in the first degree, but it would be your duty to
find the defendant guilty of murder in the second degree if he acted
with malice in killing the deceased, or manslaughter if he killed deceased without malice." *Held* not erroneous.

Appeal from Clark Circuit Court; *Alexander M. Duffie,*
Special Judge; affirmed.

*Hardage & Wilson,* for appellant.

*Hal L. Norwood,* Attorney General, and *William H. Rector,*
Assistant, for appellee.

HART, J.   J. P. Henslee was indicted for the crime of
murder in the first degree, charged to have been committed by
killing Walter Legate.

Mrs. Walter Legate testified: That she was the wife of the deceased, Walter Legate, who was killed by the defendant, J. P. Henslee, April 21, 1910, in Clark County, Ark. That the defendant came to their home about five o'clock P. M., and was at the gate when she first noticed him. She started to the door, and he had his gun drawn on her. He put down his gun, and asked for Mr. Legate, who answered, "Here I am in the garden; what do you want?" Defendant went on to the garden, and Mr. Legate said, "Come in." The defendant replied, "No, I have not got time to come in." He asked the deceased if he was going to pay him. Mr. Legate told him, "Yes, I will pay you as soon as I can." The defendant then asked, if he was going to work for him tomorrow, and the deceased replied that he could not, and Henslee drew his gun, saying, "You will pay me, or I will kill you," and fired. He then ran off. She went into the garden where deceased was, and when she got there he was dead. Mr. Legate was at the spring about seven or eight o'clock that morning, and she saw the defendant go down that way, and heard them talking, but could not tell what they were saying. She did not see defendant any more until that afternoon.

Other evidence was adduced by the State tending to show that the defendant had a short time previously made threats against the deceased.

The defendant adduced evidence tending to show that he was insane at the time of the killing, caused by his voluntary act in drinking whisky on that day. There was some testimony tending to show permanent insanity caused by the long continued and excessive use of alcoholic stimulants.

The State in rebuttal adduced evidence to show that he was sane, and that he did not even appear to be under the influence of whisky on the day the killing occurred.

The jury returned a verdict of guilty of murder in the second degree, and fixed his punishment at a term of ten years in the State Penitentiary. From the judgment of conviction the defendant has duly prosecuted an appeal to this court.

Counsel for the defendant assigns as error the action of the court in giving, over his objection, the following instruction:

"No. 9. The court instructs the jury that mere drunkenness

is no excuse or justification for committing a crime; so, in this case, if you believe from the evidence, beyond a reasonable doubt, that defendant voluntarily became too drunk to know what he was about, and then, without provocation, assaulted and killed the deceased at a time when the deceased was making no attempt or demonstration as to kill the defendant, or to do him some great bodily harm, then and in that event he would not be guilty of murder in the first degree, but it would be your duty to find the defendant guilty of murder in the second degree if he acted with malice in killing the deceased, or manslaughter if he killed deceased without malice."

The testimony for the State tended to show that the defendant was not drunk when he killed Legate. The testimony for the defendant tended to show that whatever stage of drunkenness he had reached at the time of the killing was brought about by his own voluntary act. In the case of *Byrd* v. *State, 76* Ark. 286, the court said:

"But no specific intent to kill is necessary to constitute the crime of murder in the second degree, under our statute, and the law is that the intention to drink may fully supply the place of malice aforethought; so that, if one voluntarily becomes too drunk to know what he is about, and then without provocation assaults and beats another to death, he commits murder, the same as if he was sober. 1 Bishop, New Crim. Law, § 401." See also *Casat* v. *State, 40* Ark. 511; Wharton on Homicide, (3 ed.), § 542. The instruction was correct.

There is no conflict between the instruction and instructions Nos. 4 and 5 given at the request of defendant's counsel. The latter instructions were on the subject of insanity resulting from natural causes or from long continued and excessive use of intoxicating liquors as a sufficient excuse for crime. When the instructions are considered together, the jury were enabled to distinguish between insanity, which the law recognizes as an excuse for crime, and voluntary drunkenness, which is no defense.

We find no prejudicial errors in the record, and the judgment will be affirmed.